the president delivered the opinion of the Court.
“ The court is of opinion that the decree is erroneous in charging the executor with the debts, either old or new, due to the estate, at the time when they became due; except in those cases where die debts were lost by his uegl.gence or improper conduct. They should have been charged to him at the time when actually received} of which his account, rendered on oath, would be prima facie evidence. The decree is also erroneous in charging the executor with interest from the time the debts became due, without any proof of their having been then received.(a) An executor, except as to debts lost by his ,. . , . _ t . . negligence, or improper conduct, is chargeable with interest only on his actual r ceipts ; and, even as to the receipts, die Gouts sees nothing in this case to justify a more rigid rule than that established in the case of Granberry v. Granberry, in 1st Washington. The decree is also erroneous in not h ving distinguished that po'tion of the money which w s to be paid to the appellee in right of his wife, and that which was to be paid to him as guardian of the daughter of the testator; and the Court is of opinion tha , as to the latter portion, the executor is not chargeable with interest, except from the time when the guardian was appointed, and notice thereof given to the appellant.(b) t The Court is also of opiniov, that the appellant’s exception, as to the money intended to have been secured by Hutchinson’s mortgage in the proceedings mentioned, should have been wholly *202 sustained.* It approves the allowance of a commission of ten per centum, under the particular circumstances of this case, where the debts were very small and numerous, and the debtors presumed to have been much dispersed, And (without deciding on any other point, as before stated) it is decreed and ordered, that the said decree be reversed and annulled, and that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is ordered, that the cause be remanded to the said Court of Chancery, to be finally proceeded in, according to the principles now declared.”

 Dilliard v. Tomkinson, 1 Munf. 183.

 Dilliard v. Tomlinson, 1 Munf. 183.

 Note The defendant in this exception contended, that he ought to he allowed a credit for the sum intended to he secured by Hutcheson's mortgage, “ as, from the credit before given him by the testator, and his rank in life, (be being high sheriff of the county,) there was a reasonable presumption that lie might be trusted ”